IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS KNIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF OKLAHOMA ex rel. OKLAHOMA DEPARTMENT OF PUBLIC SAFETY; JOHN SCULLY; BRENT SUGG; CITY OF TULSA; WENDELL FRANKLIN; STATE OF OKLAHOMA DOES 1-15; CITY OF TULSA DOES 16-30; and JOHN DOE DRIVER, | ) Case No. 22-cv-00069-TCK-SH |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's motion to open discovery a few weeks early for the limited purpose of serving an interrogatory and subpoena to ask a simple question—the identity of Defendant John Doe Driver, including his contact information. Defendant City of Tulsa (the "City") does not oppose this motion. The State Defendants do.[1] In their opposition, State Defendants do not respond to the substance of Plaintiff's request or to the legitimacy of his need for the information. Instead, State Defendants assert that, because they have filed a motion to dismiss, in which the individual defendants (Scully and Sugg) are asserting qualified immunity and OKDPS is asserting sovereign immunity, Plaintiff should be deprived of his ability to learn the identity of John Doe Driver before the statute of limitations expires. The Court rejects State Defendants' arguments and finds Plaintiff should be granted the limited relief he seeks.

---

[1] The term "State Defendants" refers to Defendants State of Oklahoma ex rel. Oklahoma Department of Public Safety ("OKDPS"), John Scully ("Scully"), and Brent Sugg ("Sugg").

**Background**

Plaintiff Thomas Knight ("Knight") filed this lawsuit on February 14, 2022, seeking relief relating to injuries he suffered after falling off an Interstate 244 overpass in Tulsa on May 31, 2020. (*See, e.g.*, Compl., ECF No. 2, ¶¶ 2-11.) Knight alleges that City police officers and agents funneled him and other "Rallygoers" from a city street and onto I-244; that the Oklahoma Highway Patrol[2] initially stopped traffic on I-244 but then allowed a truck to pass through the barricade and drive through the Rallygoers; and that the truck—driven by Defendant John Doe Driver—caused the crowd to disperse and swell back toward the edges of the overpass, knocking Knight off the bridge and causing him to fall 20 feet to the city street below. (*Id.*)  Knight has asserted negligence claims against the City and OKDPS under the Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 151 *et seq.*, and claims against various City and State defendants under 42 U.S.C. § 1983. (*Id.* ¶¶ 101-79.)  Knight also asserts a negligence claim against Defendant John Doe Driver, alleging the driver breached a duty to operate his vehicle in a safe and reasonable manner and caused Knight's damages. (*Id.* ¶¶ 180-84.)

The first defendant was served with Knight's complaint on February 28, 2022, and the first defendant appeared on March 21, 2022. (ECF Nos. 4-10.)  Absent an order from the court, the parties would be obligated to confer as to discovery "as soon as practicable" and no later than April 29, 2022, at which point discovery could commence. *See* Fed. R. Civ. P. 26(d)(1) (noting, with certain exceptions, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"); *id.* 26(f)(1) (noting that such conference must occur "as soon as practicable--and in any event at least

---

[2] Knight alleges that the OKDPS is responsible for managing and overseeing the Oklahoma Highway Patrol, which is a division of the OKDPS. (*Id.* ¶ 15.)

21 days before . . . a scheduling order is due under Rule 16(b)"); *id*. 16(b)(2) (noting that a scheduling order is due absent good cause for delay, "the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," here May 20, 2022).

Knight filed the instant motion on April 1st, seeking to open discovery less than one month early and for a strictly limited purpose. (ECF No. 14.) In his motion, Knight outlines the efforts his counsel has taken—both before and after filing the instant lawsuit—to discover John Doe Driver's identity without formal discovery. This has included reviewing media footage and social media information, hiring a private investigator, and issuing open records requests to OKDPS, City, and others. (*Id*. at 2-3.) Plaintiff's counsel also requested the information from non-party Tulsa County District Attorney's Office (the "County DA"), which stated it knows John Doe Driver's identity but cannot provide that information without a court order. (*Id*. at 3.) Finally, Plaintiff's counsel also attempted to resolve this issue informally with OKDPS and the City. (*Id*.) According to Plaintiff, it is possible the City may not have this information, but OKDPS refused to cooperate in any consensual discovery and, further, advised Plaintiff to note its objection to any of the requested relief. (*Id*.)

True to its word, State Defendants have filed a response opposing Plaintiff's requested relief in its entirety. (ECF No. 21.) State Defendants offer no arguments as to why Plaintiff should be prevented from conducting discovery from other parties or non-parties on this issue. As for Scully and Sugg, State Defendants argue they "cannot be required" to respond to discovery at this point in the lawsuit when they have asserted a defense of qualified immunity. (*Id*. at 2.) As for OKDPS, State Defendants agree the

pending motion to dismiss does not foreclose discovery but argue such discovery should be limited to issues raised by their motion to dismiss. (*Id.* at 3.)

## Analysis

I. **Plaintiff Has Demonstrated Good Cause for the Limited Early Discovery He Seeks**

As noted above, by default, a party cannot commence discovery until after the Rule 26(f) conference has occurred, though the Court may alter this schedule. Fed. R. Civ. P. 26(d)(1) (allowing earlier discovery "when authorized . . . by court order"). The decision of whether to allow early discovery is within the broad discretion of the Court upon the movant's showing of good cause.[3] *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *see also CGB Diversified Servs., Inc. v. Forsythe*, No. 20-2120-JAR-TJJ, 2020 WL 2193114, at *1 (D. Kan. May 6, 2020) (noting the Court's broad discretion to permit discovery before the Rule 26(f) conference and to shorten the time to respond to interrogatories). In deciding whether good cause is shown, the Court may look to the scope of the discovery request. *Qwest*, 213 F.R.D. at 420. The request should be narrowly tailored to seek the information necessary to support the

---

[3] Some have questioned whether the "good cause" standard still applies after the 2015 amendments to Rule 26(b), which restated the general scope of discovery in terms of proportionality and relevance. *See, e.g., Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207, n.2 (D.C. Cir. 2020). *But see* Richard L. Marcus, Fed'l Practice & Procedure § 2046.1 (3d ed.) ("Although the rule does not say so, it is implicit that some showing of good cause should be made . . ., and courts . . . have frequently treated the question whether to authorize early discovery as governed by a good cause standard." (collecting cases)). For purposes of this motion, the Court will assume that the "good cause" standard applies where a party seeks to open discovery early. The information sought by Plaintiff is also relevant to his claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b).

expedited relief.[4]  *Trainor v. Doe*, No. 22-cv-00350-RM-NYW, 2022 WL 444396, at *2 (D. Colo. Feb. 14, 2022).

Several courts have found good cause where a party is attempting to learn the name of a Doe defendant.  *See, e.g.*, *id.* at *3 (seeking issuance of subpoenas to learn identity of Doe defendants); *Ibarra*, 816 F. Supp. 2d at 555 (seeking identities of John Doe officers in § 1983 action); *N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016) (seeking names and addresses of parties sued under their usernames); *Council on Am.-Islamic Rels.-Minn. v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380-81 (D. Minn. 2020) (seeking names and contact information of Doe co-defendants); *cf. Strike 3 Holdings*, 964 F.3d at 1208-12 (finding district court abused its discretion in refusing plaintiff's Rule 26(d)(1) request to conduct discovery into identity of Doe defendant).

Here, the Court finds Plaintiff has shown good cause.  He seeks very limited information relating to a specifically identifiable individual against whom he has asserted a garden-variety tort of negligence.  Plaintiff's counsel has attempted numerous methods of obtaining this information without conducting formal discovery.[5]  The potential burden on the objecting defendants is exceedingly minimal—a written answer to a single interrogatory.  The potential damage to Plaintiff without this minimal discovery is great—Plaintiff has stated a belief that, absent this information, a court may find the statute of limitations against John Doe Driver has run on May 31, 2022, and that the relation-back

---

[4] Some courts look at a larger series of factors, including (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with these requests; and (5) how far in advance of the typical discovery process the request was made.  *See, e.g.*, *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011).  The Court does not find its discretion to be necessarily cabined by these factors but notes all but the first favor Plaintiff in this instance.

[5] *See supra*, Background, at 3.

provisions of Fed. R. Civ. P. 15(c) do not apply. *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) ("a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)").

## II. Plaintiff May Subpoena the County DA

No party has offered any argument as to why Plaintiff should not be allowed to conduct early discovery by issuing a subpoena to the County DA for the sole purpose of learning the identity (including contact information) of John Doe Driver. Having offered no argument or authority for why such discovery should be prohibited, the Court finds the appearing defendants have waived any objections to such discovery.

## III. The Pending Motion to Dismiss Does Not Foreclose the Requested Relief as to the State Defendants

### A. Sovereign Immunity – OKDPS

OKDPS argues that it should not be required to respond to non-jurisdictional discovery where it has a pending motion to dismiss based on its sovereign immunity. (ECF No. 21 at 3.) Normally, sovereign immunity does not bar litigation against the State of Oklahoma or its subdivisions under the GTCA. Okla. Stat. tit. 51, § 152.1(B). However, the motion to dismiss argues this waiver is inapplicable, (1) incorrectly stating that Plaintiff's complaint makes "no mention of the GTCA whatsoever, much less [alleging] compliance with the GTCA's provisions";[6] (2) arguing Plaintiff's claims are too conclusory under Fed. R. Civ. P. 8(a); and (3) asserting an exemption from GTCA liability under Okla.

---

[6] In his complaint, Plaintiff alleges that he notified the defendants of his claims pursuant to the GTCA on May 20, 2021; his claims were denied; and he brought the instant action within 180 days of the denial. (ECF No. 2 at 6 n.3.) *See also* Okla. Stat. tit. 51, § 156(B) (requiring presentation of claims within one year of loss); *id.* § 157(B) (requiring filing of suit within 180 days of denial of claim). Plaintiff further alleges that the OKDPS is liable to him pursuant to the GTCA. (*Id.* ¶ 119.)

6

Stat. tit. 51, § 155(6), which applies to civil disobedience and the failure to provide, or method of providing, police protection.[7] (ECF No. 10 at 12-13 (emphasis omitted).) The parties are still briefing State Defendants' motion to dismiss.

In the meantime, the undersigned must address whether the mere fact that the motion to dismiss is pending prohibits Plaintiff from seeking limited discovery as to the name and last known location of another named defendant. OKDPS does not argue that such discovery is prohibited, but it does argue that such discovery should be limited to the factual issues raised by its motion. (ECF No. 21 at 3.) OKDPS's only authority is a case that simply notes, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Xie v. Univ. of Utah*, 243 F. App'x 367, 375 (10th Cir. 2007) (unpublished) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)).

Still, as with qualified immunity, a state's immunity from suit is intended to protect it from the burden of discovery. *Univ. of Texas v. Vratil,* 96 F.3d 1337, 1340 (10th Cir. 1996). However, as noted below, the Court finds that even immunity from the burden of discovery does not bar the limited request sought by Plaintiff here.

### B. Qualified Immunity – Scully and Sugg

Defendants Scully and Sugg also have pending a motion to dismiss, making various arguments including that their actions are shielded by qualified immunity. As State Defendants note, qualified immunity is not only a defense to liability but also an

---

[7] As it relates to police protection, the Oklahoma Supreme Court has stated, "The State and its political subdivisions enjoy immunity for the choice to adopt or enforce a law, the formulation of law enforcement policy, and the method by which policy is implemented. The exemptions do not apply to tortious acts of government servants in the daily implementation of policy." *State ex rel. Okla. Dep't of Pub. Safety v. Gurich*, 2010 OK 56, ¶11, 238 P.3d 1, 4.

entitlement to immunity from the demands of litigation. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (noting discovery should not be allowed until the court resolves the threshold question of clearly established law). While discovery against public officials is one of the evils qualified immunity is intended to address, case law does not "create an immunity from *all* discovery." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998). Rather, the goal is to avoid broad-reaching discovery, while limited discovery may sometimes be necessary. *Id.* (referring to the need to resolve a motion for summary judgment on qualified immunity).

In this instance, it is not truly the § 1983 litigation that would subject Scully and Sugg to discovery from Plaintiff regarding the identity of John Doe Driver; the "burden," instead, would result from Plaintiff's separate claims against that individual.[8] Scully and Sugg do not, for example, argue that Plaintiff could not subpoena them for this information if they were not parties to this case. *Cf. Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1162 (10th Cir. 2014) (expressing doubt as to whether an Indian tribe should be able to use a claim of tribal sovereign immunity to shut off an appropriate judicial demand for discovery served on a tribal official).

In any event, even where qualified immunity is presented, courts have allowed limited discovery like that being sought here. *See, e.g., Bustos v. United States,* No. 08-cv-00153, 2009 WL 416511, at *3-4 (D. Colo. Feb. 18, 2009) (allowing limited discovery for "identifying the three John Doe defendants" despite pending motions to dismiss asserting qualified immunity, sovereign immunity, and lack of jurisdiction); *Ferro v. Bd.*

---

[8] That is not to say that discovery sought from or about John Doe Driver is irrelevant to Plaintiff's claims against the other defendants. But, at this stage of the litigation, the primary impetus of Plaintiff's request for limited early discovery is to allow his negligence action against John Doe Driver to proceed.

*of Cnty. Comm'rs*, No. 18-cv-0223 GJF/SMV, 2018 WL 5268202, at *3 (D.N.M. Oct. 23, 2018) (allowing interrogatory to identify other individuals involved in incident despite pending qualified immunity motion testing the legal sufficiency of the complaint).  The Court finds that the limited discovery sought imposes a very minimal burden on the potentially immune parties and is warranted in the circumstances presented by this case.  The Court will require State Defendants to answer a simple interrogatory seeking the identity, including contact information, of John Doe Driver.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Emergency Discovery (ECF No. 14) is GRANTED.  Plaintiff is authorized to serve an interrogatory on any of the parties, seeking John Doe Driver's identity and last known contact information.  Any party served with such an interrogatory shall respond within five days of service.  Plaintiff is authorized to issue a deposition subpoena to the Tulsa County District Attorney's Office in order to seek this same information.

ORDERED this 12th day of April, 2022.

**SUSAN E. HUNTSMAN, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**